.50UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,

vs.

GOLD MEDAL LANDSCAPE NURSERY,
INC. d/b/a PUEBLITO PAISA,
    Defendant(s).

Case No: 22-cv-20915-KMW

**PLAINTIFF'S VERIFIED AMENDED MOTION FOR DEFAULT JUDGMENT**
**AND**
**PLAINTIFF'S VERIFIED AMENDED APPLICATION FOR ATTORNEYS' FEES,**
**COSTS, AND EXPERT FEES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, EMILIO PINERO ("Plaintiff"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 55(b) and 42 U.S.C. § 12205, hereby moves this Court and seeks entry of Final Default Judgment and an award of attorney's fees, litigation expenses, and costs against Defendant, GOLD MEDAL LANDSCAPE NURSERY, INC. ("Defendant"), only and as grounds thereof state:

**DEFENDANT SERVED PURSUANT TO FLA. STAT. § 48.081(3)(a)**

1.      Plaintiff filed his Complaint [DE#1] against Defendant in the above captioned case for injunctive relief, attorney's fees, expenses, and costs on March 25, 2022. The within action was instituted by the service of the Complaint on the Defendant on May 12, 2022.

2.      Although the time for Defendant to respond expired on June 2, 2022, as of this date no Answer has been interposed on behalf of the Defendant. The Defendant is a limited liability company that is engaged in business in the State of Florida by the leasing of commercial property located in Miami-Dade County, Florida.

3.       Service was effectuated on Defendant pursuant to Fla. Stat. §48.081(3)(a), which

provides:

> "*As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.*"

Defendant listed a registered agent, Gustavo Fernandez, with an address listed which was the same as the subject business and subject property.  Pursuant to Fla. Stat. §48.091(2), they were required to keep their office open between the hours of 10am and 12pm and "*keep one or more registered agents on whom process can be served at the office during these hours.*"—however, Defendant failed to have a registered agent available during those hours and Plaintiff proceeded to served Defendant pursuant to Fla. Stat. § 48.081(3)(a) by serving an employee, Fernando Medina, at the principal place of business on May 12, 2022.  *See* Return of Service [DE#7], attached as an Exhibit to this Motion.

4.       Accordingly, the Court issued an Order [DE#8] directing the Clerk to issue a Default against Defendant in this action.  The Clerk issued the Default [DE#9] on June 29, 2022, which is also attached as an Exhibit to this Motion.

5.       To date, Defendant has failed to file an answer with the Clerk, has not served an answer upon the Plaintiff, and has made no entry of appearance in this matter. To this date, Defendant has undertaken no defense in this matter.

## MOTION FOR DEFAULT JUDGMENT

6.      Plaintiff's Complaint seeks injunctive relief requiring Defendant to correct the violations by Defendant and bring the subject property into compliance with 42 U.S.C. § 12181 (2017), *et seq.*, the Americans with Disabilities Act, for reasonable attorney's fees, and to tax costs incurred by the Plaintiff in prosecuting the instant action.

7.      The subject property at issue is a restaurant owned and operated by the Defendant, which is located at 17480 SW 232nd St., Miami, FL 33170 (hereinafter "Subject Property"). The Subject Property is a public accommodation as defined by and is subject to Title III of the ADA.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFAULT JUDGMENT FOR INJUNCTIVE RELIEF

8.      Plaintiff seeks the entry of a Default Final Judgment Against Defendant pursuant to Rule 55(b)(2) after the entry of a Clerk's Default [DE#9] against Defendant pursuant to Rule 55(a).

9.      On a motion for default judgment under Rule 55(b)(2), the Court accepts as true all facts alleged in a complaint: "[B]*y defaulting, the* [*defendant is*] *deemed to have 'admit*[*ted*] *the plaintiff's well-pleaded allegations of fact' for purposes of liability*." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Tyco Fire& Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing *Buchanan*).

10.     The Complaint [DE#1] contains all allegations necessary to establish standing and warrant the entry of a Default Final Judgment for Injunctive Relief after Defendant has failed to plead or defend in this action.

**11.**     To establish standing, a plaintiff must demonstrate: "(1) *an injury in fact*; (2) *a causal connection between the injury and conduct complained of*; and (3) *that a favorable court ruling could redress the injury.*" *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 415 (11th Cir. 2011) (citation omitted).

**12.**     Plaintiff has demonstrated an "*injury in fact*" through the allegations made throughout the Complaint [DE#1], as follows:

   **a.** Paragraph 7: "…*Mr. Pinero visited the Facility and encountered barriers to access at the Facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access…*"

   **b.** Paragraph 10: "*Mr. Pinero has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.*"

   **c.** Paragraph 12: "*Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility.*"

   **d.** Paragraph 13, which details the specific barriers and violations encountered at the subject property which caused the injury in fact.

   **e.** Plaintiff has additionally provided the attached **Affidavit** in support of and as a supplement to the allegations made in the Complaint.

**13.**     Plaintiff has demonstrated an "*a causal connection between the injury and conduct complained of*" through the allegations made throughout the Complaint [DE#1], as follows:

   **a.** Paragraph 6: "*The Defendant's Facility is a public accommodation and service establishment and although required by law to do so, it is not in compliance with the ADA and ADAAG.*"

b. Paragraph 7: Plaintiff "*visited the Facility and encountered barriers to access at the Facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.*"

c. Paragraph 8: "*Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility and the actions or inactions described herein.*"

d. Paragraph 10: "*Mr. Pinero has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.*"

e. Paragraph 12: "*Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12181, et seq., and by failing to remove architectural barriers as required...*"

14. Plaintiff has demonstrated an "*that a favorable court ruling could redress the injury*" through the allegations made throughout the Complaint [DE#1], as follows:

a. Paragraph 12: Defendant "*will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.*"

b. Paragraph 15: Plaintiff "*expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.*"

c. Paragraph 18: Plaintiff "*reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous condition, and ADA violations that exist at the Facility, including those set forth herein.*"

d. Plaintiff has additionally provided the attached **Affidavit** in support of and as a supplement to the allegations made in the Complaint.

15. Further, the Court requires that Plaintiff show "*actual or imminent injury.*" *Id.* (citation omitted); *see also Kennedy v. Solano*, 735 F. App'x 653, 655 (11th Cir. 2018).

Plaintiff's Complaint [DE#1] demonstrates the same through allegations made in the Complaint [DE#1], as follows:

    a. Paragraph 2 states that Plaintiff plans to return to the property to "*avail himself of the goods and services offered*" and "*to determine whether the property has been made ADA compliant.*"

    b. Paragraph 3 states that "*Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of accessible features of the Premises.*" However, Plaintiff does not have a date certain as the Defendants have failed to appear in this action and have not yet address the barriers to access at the property.

    c. Paragraph 11 states that "*Plaintiff intends to visit the Facility again in the near future in order to utilize of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions, and ADA violations that exist at the Facility...*"

    d. Paragraph 16 states that Plaintiff "*will absolutely return to the Premises when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed and in accordance with the ADA.*"

    e. Plaintiff has additionally provided the attached **Affidavit** in support of and as a supplement to the allegations made in the Complaint.

16. Irreparable harm will befall Plaintiff if injunctive relief is not granted as Plaintiff will be unable to enjoy full and equal enjoyment of the goods, services, facilities, and accommodations offered by the Defendant as a direct result of Defendant's violations of the Americans with Disabilities Act.

17. Plaintiff has visited the restaurant and intends to return within 90 days after the barriers to access have been removed, to ensure compliance with the ADA, and before visiting again in his individual capacity to avoid having to encounter the frustration, difficulty, and embarrassment resulting from encountering the unlawful barriers to access, as stated in this **Affidavit**.

18.      Moreover, Plaintiff has no adequate remedy at law. Granting an injunction will serve the public interest by protecting the civil rights of individuals with disabilities. Given Defendant's failure to file a responsive pleading in this action and its failure to retain counsel, there is a substantial likelihood of success in attaining an injunction.

19.      Failure to grant an injunction will result in Plaintiff's continued exposure to harm with no method of recourse.

20.      The specific nature of the injunction sought by Plaintiff is outlined below.

21.      Defendant refuses to defend themselves in this Action. Plaintiff recognizes that entry of a default judgment against a defendant is a severe remedy and generally disfavored. *See*, *e.g*., *Pelican Production Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990). Pursuant to Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, such as Defendant, in this cause, a default shall be entered against that party.

22.      Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, the only recourse. *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 458 (U.S. 2004) ("And, when a party fails to answer or appear in an adversary proceeding, the Federal Rule governing default judgments applies"); *Federal Maritime Com'n v. South Carolina State Ports Authority*, 535 U.S. 743, 757 (U.S. 2002)("If a defendant fails to respond to a complaint, default judgment may be entered on behalf of the plaintiff").

23.      Plaintiff would prefer that this case be decided upon its merits and has every confidence it would prevail at a trial. Since the Defendant does not appear disposed to defend

this action, however, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against Defendant.

24.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Venue in this District was not disputed, nor could it be as the subject property is located in and the cause of action arose in Miami Dade County, Florida.

## INJUNCTIVE RELIEF SOUGHT

25.     Plaintiff initiated this action for violation of the Americans Disability Act, 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq. Since the Defendant has violated the Americans Disability Act (hereinafter "ADA"), the Plaintiff respectfully requests that the Final Default Judgment require that the Defendant remove architectural barriers as follows:

Accessible Parking Space

a.     Accessible parking space is not outlined in blue and needs re-striping contrary to Florida Code §502.2,

b.     Accessible parking space does not have an access aisle contrary to 2010 ADA Code §502.3,

c.     The surface of the accessible parking space is unstable and has loose material contrary to 2010 ADA Code §302.1,

d.     Accessible parking spaces are not located on the shortest accessible route of travel form their location to an accessible entrance contrary to FBC§11-4.3,

e.     Accessible parking spaces are in the location where users are compelled to walk or wheel behind parked vehicles and spaces contrary to Florida Code §502.3,

f.     Accessible parking space is missing the sign that indicates the penalty for illegal use of the space, failing to maintain the sign due to lack of maintenance contrary to FAC§502.6,

Accessible Route from Accessible Parking Spaces

g.     The surface of the accessible route is not slip resistant and/or is broken, has loose material, and is unstable contrary to 2010 ADA Code §403.2,

Main Entrance

**h.** Accessible route at main entrance has a non-compliant running slope contrary to 2010 ADA Code §403.3,

Accessible Route Towards Seating Area

**i.** Accessible route has a vertical change in level contrary to 2010 ADA Code §403.4,

**j.** The surface of the accessible route is not slip resistant and/or is broken, has loose material, and is unstable contrary to 2010 ADA Code §403.2,

**k.** The bottom of the ramp has a non-compliant surface slope contrary to 2010 ADA Code §405.2,

**l.** Ramp does not have the required handrails contrary to 2010 ADA Code §405.8,

Seating Area

**m.** Table does not provide required knee clearance contrary to 2010 ADA Code §902.2,

Men's Accessible Restroom

**n.** Permanent room identifying signage is mounted at non-compliant height and is mounted on the door leaf contrary to 2010 ADA Code §703.4.1,

**o.** Non-compliant knob-type door hardware requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7,

**p.** Lavatory does not provide the required knee clearance contrary to 2010 ADA Code §606.2.2,

**q.** Lavatory knob-type faucet requires pinching and tight grasping to operate contrary to 2010 ADA Code §606.4,

**r.** Water closet does not have a rear wall grab bar contrary to 2010 ADA Code §604.5.2,

**s.** Water closet flush control is not mounted on the open side contrary to 2010 ADA Code §604.6,

**t.** Soap dispenser is mounted beyond required reach allowed for approach provided and is mounted at 50" above the finished floor contrary to 2010 ADA Code §308.2.1, and

**u.** Lavatory has unwrapped bottom sink pipes failing to maintain cover against contact contrary to 2010 ADA Code §606.5.

## APPLICATION FOR REASONABLE
## ATTORNEY'S FEES AND COSTS

Based upon the time expended on this matter, the Plaintiff is demanding a reasonable

amount for attorneys' fees as follows:

| | | |
|---|---|---|
| Glenn R. Goldstein, Esq. | 15.4 Hours @ $395.00/Hour (Legal) | $ 6,083.00 |
| Glenn R. Goldstein, Esq. | 1.7 Hours @ $75.00/Hour (Admin.) | $    127.50 |

**Total Attorney's Fees:**   **$ 6,210.50**

The Plaintiff is also requesting taxable and non-taxable costs and fees in the total amount

of **$ 449.60**.

## MEMORANDUM OF LAW IN SUPPORT OF
## APPLICATION FOR REASONABLE
## ATTORNEY'S FEES AND COSTS

## I.      Plaintiff Is Entitled To Attorney Fees, Costs, Litigation Expenses and Expert Fees

Plaintiff was obligated to retain undersigned counsel for the filing and prosecution of this

action. Attorney's fees, expert fees, litigation expenses and costs are recoverable by Plaintiff

under the ADA. 42 U.S.C. §12205. To recover attorney's fees under 42 U.S.C. §12205 a plaintiff

must be a prevailing party. A prevailing party" is "[a] party in whose favor a judgment is

rendered, regardless of the amount of damages awarded." *Harty v. Ross Dress for Less, Inc.*,

No.6:11–cv–35131–GJK, 2012 WL 28807, at *1 (M.D. Fla. Jan. 5, 2012) *citing Buckhannon Bd.*

*& Care Home, Inc. v. W.Va. Dept. of Health & Human Res.*, 532 U.S. 598, 604 (2001). In order

to be a "prevailing party" under *Buckhannon*, a plaintiff must not only achieve some material

alteration of the legal relationship of the parties, but that change must also be judicially

sanctioned. *Roberson v. Giuliani*, 346 F.3d 75 (2d Cir. 2004); *American Disability Association,*

*Inc. v. Chimielarz*, 289 F.3d 1315 (11th Cir.2002); *Habich v. City of Dearborn*, 331 F.3d 524

(6th Cir. 2003); *Barrios v. Cal. Interscholastic Fedn.*, 277 F.3d 1128 (9th Cir.2002). In the

instant action, Plaintiff is the prevailing party pursuant to the Parties settlement agreement, the Parties Stipulation of Dismissal and the Court's Order dismissing this matter while retaining jurisdiction to enforce the settlement agreement and Ordering Plaintiff the prevailing party.

## II.      Calculating the Attorney's Fee Requested by Plaintiff.

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781(11th Cir.1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433(1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *American Civil Liberties Union v. Barnes*, 168 F3d 423 (11 Cir. 1999) (quoting *Norman v. Housing Auth. of City of Montgomery*, 836 F,2d 1292, 1299 (11 Cir. 1988) (additional citations omitted). Court holdings provide evidence of the going rate in the community. While the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate, courts may then adjust this lodestar calculation by other factors. *Id*. With respect to the issue of hourly rates, this Court, "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303.

### A.      Plaintiff's Counsel's Hourly Rate is Reasonable

Plaintiff's counsel has applied the hourly rate of $395.00 for all time expended in this matter. The hourly rate sought in this case is within, to below, the range of rates charged by other attorneys in similar cases, and within to below the range awarded by Courts in this Circuit in similar cases. Further, nearly two years ago, Plaintiff was awarded an hourly amount of $350.00

per hour for the undersigned's services in an ADA Title III cases filed in the Southern District of Florida. See *Pinero vs. Facci of Merrick Park, Inc.*, Case No. 1:18-cv-24323-JEM, at Docket Entry No.'s 23 and 24.

Plaintiff's counsel, Glenn Goldstein ("Goldstein") was admitted to practice law in the State of Florida in 2008, and has concentrated his practice on complex civil litigation, business litigation, and other complex civil and family law actions—on both State and Federal levels. Goldstein is also a faculty member at Florida International University's School of International and Public Affairs, currently teaches "Law and the Legal Profession, Pre-Law Skills and Professional Values" as part of a Pre-Law Certification Program.  Goldstein has litigated several actions which were very discovery intense including multi-lingual depositions requiring translators, litigation of discovery objections, and other matters regarding discovery issues.

More specifically, rates ranging from $350 to $430 per hour have been deemed to be reasonable in similar types of litigation over the past 10 years. For example, in *Rodriguez v. McLoughlin*, 84 F.Supp.2d 417 (S.D.N.Y. 1999), the court awarded the supervising attorney in a civil rights action $425 per hour. In *Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 211-12 (S.D.N.Y. 2001), the court approved rates up to $390 an hour for senior attorneys in a civil rights case. In *Marisol A. ex rel Forbes v. Giuliani*, 111 F.Supp.2d 381 (S.D.N.Y.2000), the court awarded civil rights attorneys up to $390 per hour. Additionally, in *Skold v. American Int'l Group, Inc.*, 1999 WL 405539 at 6-7 (S.D.N.Y. June 18, 1999), the court held that rates of $400 for an experienced civil rights litigator was reasonable. The foregoing cases are more than ten years old and current rates would be higher due to inflation and the increased cost of operations. In *Kuper v. Empire Blue Cross and Blue Shield*, No. 99 Civ. 1190JSG-MHD (S.D.N.Y. Dec. 18, 2003), aff'd No. 99 CV-1190 (Jan. 20, 2004), the court held that $425 an hour for an experienced civil rights

attorney was reasonable. That court also stated at page 10 that "hourly rates in excess of $400 are not limited to big firms." The court referred to *New York State NOW v. Pataki*, 2003 WL 2006608, at 2 (S.D.N.Y. Apr 30, 2003), where the court approved $430 an hour for a small civil rights litigator.

It is significant to note that the rate awarded ADA case plaintiffs' attorneys is less than that charged by defendants' attorneys for similar work. In the case of *Betancourt v. Simon Property Group*, W.D. Tex. SA 10-CA 0017, the firm of Baker Hostetler filed an affidavit indicating that the attorneys for that firm charge higher rates to their client. In the case of *Access 4 All v. Casa Marina Owner*, 06-10055, S.D., the firm of Lydecker Lee charges its clients' higher rates for defense work than plaintiff's attorney charged. In 2006, defendant's attorney in that case Aaron Behar charged at the hourly rate of $385.00. *Id.* at p. 24 of Notice of Conventional Filing of Defendant's Verified Memorandum of Law Pursuant to the Court's Order Dated October 3, 2006 (DE 37).

Also, Title III ADA attorneys have been awarded $325.00-$400.00 per hour in the past in this Circuit. See *Steven Brother v. BFP Investments, Ltd*, S.D. Fla. Case No: 03-60129-Civ.-Marra/Dube, which awarded plaintiff's counsel $385.00 per hour in a Title III ADA action in March, 2005; *Association for Disabled Americans, Inc., et.al. v. Tobacco Road, Inc.*, S.D. Fla. Case No: 99-3128-Civ.

Accordingly, it is clear that hourly rates have been awarded in the past to plaintiff's counsel at a much higher rate than is being requested in this application, and that the requested fee of $395.00 per hour is within the range of reasonable hourly rates. Citations to prior precedent showing reasonable rate adjudications may be used to demonstrate proof of prevailing

market rates. *Haugh v. Sec'y of the Dept of Health & Human Services*, 1999 WL 525539, No. 90-3128V at*2(Fed Cl. June 30, 1999.)

In determining the reasonableness of the attorney's hourly rate, the Court should utilize the following criteria:

1. <u>The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal services properly.</u>

There was no redundant or duplicative effort in this case, and the hours sought by Plaintiff are merely the hours incurred. Furthermore, in the exercise of the required "billing judgment," Plaintiff's counsel has not included and/or has redacted any redundant or duplicative time or effort.

As lead counsel has represented Plaintiff in numerous actions against places of public accommodation for ADA violations, counsel has developed forms and procedures aimed at reducing the number of hours incurred at the inception of the case in investigating its factual and legal basis and filing the complaint and other necessary paperwork. However, such efficiency should not be construed as an indication that ADA cases do not present novel and difficult questions. On the contrary, representation of plaintiffs in ADA actions presents numerous issues regarding entitlement to injunctive relief, standing, barriers to access, readily achievability, undue burden, exemptions, applicable law, etc. Moreover, in each case the particular barriers to access that exist must be analyzed in light of the relevant ADA Accessibility Guidelines, Technical Assistance Manual, and multitude of other guides issued by the Department of Justice and other authorities. Overall, Plaintiffs submit that the novelty and difficulty of the issues presented in ADA actions, and the skill requisite to properly address such issues, justifies a higher hourly rate than many other areas of practice.

2.      The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

Plaintiff's counsel was precluded from accepting other employment from different clients to the extent that significant time and effort was required on this matter. Additionally, due to the negative attitude that many have towards Title III ADA actions, the undersigned is predictably precluded from other employment based on acceptance of the case. Federal courts have long recognized that civil rights plaintiff's work is oftentimes undesirable, and that plaintiff's attorneys are economically impacted by their decision to help the civil rights litigant. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714,719 (5th Cir. 1974) ("Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant. Often times the decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court.").

3.      The fee customarily charged in the locality for similar legal services.

As set forth above, the fee customarily charged and awarded by Courts in this Circuit is upwards of $395.00 per hour. Plaintiff's counsel is seeking $395.00 per hour, which is at the low end of the range of attorney's fees charged and awarded.

4.      The amount of time involved, and the results obtained.

Plaintiff submits that prevailing with ADA related litigation benefits the general public as a whole and such is a crucial factor under the Johnson analysis when determining fees. Public policy may support an award of attorney's fees in civil rights cases when the Plaintiff has sued to vindicate a public right at a cost high in comparison to the actual damages suffered. *Knight v. Auciello*, 453 F.2d 852 (1st Cir. 1972). In assessing attorney's fee under the ADA, the Court must consider the benefits to the public as a whole attained as a result of the civil rights action.

In *Villano v. Boynton Beach*, 254 F.3d 1302, 1306 (11th Cir. 2001) that court held that "successful civil rights actions vindicate a public interest ...[and] [p]ublic benefit is a distinct measure of success in civil rights actions and ...  a court must account for that distinct measure of success when calculating an award of fees and costs." In the case at bar the Parties have entered into a confidential settlement agreement.

As required under the law, Plaintiff respectfully requests that the Court give proper weight to the public interests that are vindicated for the Plaintiff and all disabled persons as a result of this litigation. As one court referenced in *Village Nurse Association of North Shore, Inc v. Bullen*, 1995 U.S. Dist. Lexis 21935 (D. Mass. 2006), "As the Senate noted upon the enactment of 42 U.S.C. §1988, all of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these law contain" (citation and internal quotations omitted).

5.      The time limitations imposed by the client or by the circumstances.

There are no such time limitations imposed—however, the longer the Subject Property remains in non-compliance with the ADA, the longer persons with disabilities, such as Plaintiff, will be discriminated against and deterred from equal use, benefit, and enjoyment of the Subject Property and service establishment.

6.      Whether the fee is fixed or contingent.

The fee in this case is statutory, based on application of the provisions of the ADA, 42 U.S.C. § 12205, resulting in an uncertainty of payment in the event Plaintiff was not deemed the prevailing party.

7.      Additional Considerations.

The Eleventh Circuit has held that in addition to the traditional lodestar considerations outlined above, a prevailing party's hourly rate may also be increased if the results of the case benefit non-parties. *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1997). It is obvious that the effect of the outcome of this case goes beyond the Plaintiff. Countless patrons and customers will benefit from it on a daily basis. As a direct result of this case, and the efforts of Plaintiff, his counsel and consultant, persons using wheelchairs and who otherwise suffer from disabilities will be better off.

### B. Plaintiff's Counsel Expended a Reasonable Number of Hours in this Case.

The reasonable number of hours expended are those hours which the court finds were reasonably spent in attaining the result for the client. *See Norman*, 836 F.2d at 1305. Plaintiff's counsel is seeking an award of attorneys' fees for the hours expended as reflected on the attached statement, nothing more and nothing less. The matters reflected in Exhibit "A" (Fee Statement for Plaintiff's Counsel) were necessarily and reasonably spent in successfully litigating this action. The statements attached hereto specify the work performed and a fair amount of time billed for every individual matter, thereby lending themselves to review and verification. *See* the **Attorney's Fees and Cost Statement** attached as an Exhibit to this motion. Plaintiff's counsel submits that such time is reasonable and was necessary in the litigation and settlement of this matter.

### III. The Costs and Litigation Expenses Incurred by Plaintiff are also Compensable.

Prevailing parties are entitled to receive costs under Fed. R. Civ. P. 54(d). See *United States Equal Employment Opportunity Commission v. W& O, Inc.*, 213 F.3d 600 (11th Cir.2000). *Zunde v. Int'l Paper Co.*, 2000 WL 176843 (M.D. Fla. 2000). The "costs" recoverable under Rule 54(d) are defined by 28 U.S.C., § 1920, which operates as the general provision for

taxation of costs absent any other specific statutory authority. See, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). § 1920 provides the Court may tax the following: (1) fees of the clerk and marshal; (2) fees and disbursements for service of process; (3) compensation for court appointed experts and interpreters.

The Eleventh Circuit has held that in civil rights cases reasonable attorney's fees "must include **reasonable expenses** because attorney's fees and expenses are inseparably intertwined as equally vital components of the cost of litigation. See, *Dowdell v. City of Apopka*, 698 F. 2d 1181, 1182 (11th Cir.1983) (emphasis added) The *Dowdell* court approved this Circuit's tradition of liberally reimbursing attorney expenses, holding that:

"With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in the case preparation, during the course of litigation- - may be taxed as costs under section 1988..."

Based upon the above, the Plaintiff is seeking an award against Defendant of litigation costs in the amount of Four-Hundred, Forty-Nine Dollars and Sixty Center ($449.60), as follows:

| | |
|---|---|
| Filing Fees: | $ 402.00 |
| Service: | $ 43.00 |
| Postage: | $ 4.60 |
| **Total Costs/Fees:** | **$ 449.60** |

Plaintiff's counsel presumes that Defendant will file a response to this application and that a hearing may be held on this application. Any and all time incurred by Plaintiff's counsel in filing, preparing and litigating this fee application and any fee hearings thereon is compensable. A prevailing party is entitled to reasonable compensation for time reasonably spent in litigating the fee petition. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir.1990).

**V.      CERTIFICATION OF GLENN R. GOLDSTEIN**

Glenn R. Goldstein, hereby certifies under penalty of perjury, that I am a sole practitioner and as such, am the sole custodian and timekeeper of the records of my firm regarding the time spent by my office on this matter.  I have fully reviewed the time records and supporting data, and this motion is well grounded in fact and justified.

I further certify that the entries contained in the attached **Attorney's Fees and Costs Statement** are true and accurate to the best of my knowledge and belief.

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
*Attorney for Plaintiff*

**VERIFICATION**

Glenn R. Goldstein, Esq., as Counsel for Plaintiff, hereby declares, verified, states, under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and accurate to the best of his knowledge and belief; that the injunctive relief requested is appropriate and proper, and further, that the attorney's fees and, costs, and expenses sought to be taxed have been made in this action or will necessarily be made and included in this action.

Dated this 20th day of January, 2023.

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
*Attorney for Plaintiff*

**CONCLUSION**

WHEREFORE, Plaintiff's respectfully moves this Court to enter final judgment after default against Defendant, ordering Defendant to make all the necessary alterations so the subject premises is accessible to individuals with disabilities, in compliance with the ADA, ordering the

subject facility closed until all necessary alterations are complete and retaining jurisdiction over this cause to assure Defendant, compliance with the Court's Judgment and the Americans with Disabilities Act.

The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C., Sections 12205 and 12207.

Plaintiff respectfully requests that the Court enter an award for Plaintiff's attorney's fees in the amount of Six-Thousand, Two-Hundred Ten Dollars and Fifty Cents ($6,210.50) plus an award in the amount of Four-Hundred, Forty-Nine Dollars and Sixty Center ($449.60) for legal costs and expenses, together with any and all fees, expenses and costs incurred hereafter

WHEREFORE, Plaintiff requests that the Court enter a Default Judgment in this matter, and that the Judgment be entered in favor of Plaintiff, and against the Defendant, in the manner stated herein.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
(561) 571-0646
WassenbergL@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and mailed a copy of the same to Defendant at: Gold Medal Landscape Nursery, Inc., c/o Registered Agent: Gustavo A. Fernandez, 17480 SW 232nd St., Miami, FL 33170, by Certified U.S. Mail (Tracking No. 7020 1290 0001 6122 8405).

s/ Glenn R. Goldstein

Glenn R. Goldstein, Esq. (FBN: 55873)

*Attorney for Plaintiff*
